Okay, Jane Doe v. Scalia Good morning, Your Honors. David Muraskin for Plaintiffs' Appellants. I'd like to reserve three minutes for rebuttal, and may it please the Court. The issue before the Court is what elements make up Section 662d, also known as Section 13d of the OSH Act. And plaintiff appellants are simply asking the Court to give those the plain language in the Act, and in fact what Congress meant for the Act to do, which is to provide judicial oversight over a very narrow circumstance in which OSHA fails to act. It's a very narrow grant of a private right of action, is it not? Precisely. Section 3d. That's exactly right. It's a narrow grant of a private right of action in a circumstance where OSHA fails to act, and that failure is arbitrary capricious regarding an imminent danger to life or serious bodily injury. I'm being plodding here, but I don't know how many times I've read 662, especially Subsection A, and most especially Subsection D. And I'm still not entirely clear how this works, and I'm just talking about procedurally how it goes forward. And I understand the purpose of Subsection A, and that it places the Secretary under an obligation to act where circumstances are such that there's a danger found to be in existence, and that it's imminent, and it may cause serious harm or death. And this limited private right of action, we have agreed exists, is placed in the statute to allow for an employee to take action where the Secretary has not arbitrarily and capriciously decided not to take action, elected not to take action. And the remedy that's available is a limited one. It's an extraordinary one. It's mandamus, right? So you need to prove that mandamus is warranted. I would disagree that it's limited in the sense that my colleague says it's limited. Well, I mean, mandamus is most certainly limited because it's not available to anyone for anything where some purely discretionary act has not been taken by a public official. Sure. So it is delimited in ways that other remedies are not. This is, it lies only where a public official is obligated to take certain action, right? And has, somehow through a dereliction of duty, has chosen not to, elected not to, acted arbitrarily and capriciously. That's correct, Your Honor. This is not actually brief, but the D.C. Circuit under 1361 has said that arbitrary, capricious, and mandamus merge. And so if we show that the agency was arbitrary and capricious in failing to seek relief under the D.C. Circuit case law, which is the only case law that I know of on this, that, then that you would establish the mandamus standard, that you would show that you were clearly entitled to relief, which is also the standard the district court relied on. And of course, all those questions, Your Honor, aren't actually before the court here, because those issues aren't actually what was decided by the district court. The district court was deciding the elements of- I understand. What I'm getting to here is what we really have is two-step process. Is that right? I mean, maybe three if you want to say, all right, the secretary has failed to act under A. So an employee then goes into court and seeks a remedy, the remedy of mandamus under subsection D. The mandamus is to require, to mandamus the secretary then, to take legal action, correct? And to obtain other further relief. And this is, I think, where I was trying to say earlier in terms of your remit of relief- You're anticipating me then, because while it may be clear to others, the actual context of this last sentence of D is not entirely clear to me. Does the such further relief refer to the order that is sought by the secretary when he is mandamus to go into court and seek an injunction? Or is the further relief connected to the mandamus relief that is sought and granted in the first instance? I believe grammatically, Your Honor, this goes back to the phrase, might bring an action against the secretary in the United States District Court in which they may endanger- and then it goes on about other forms of forum shopping that you have options for. But the forums, comma, everything before the comma is referring back to the action where it can be brought. And then the question is, what is that action for? The action is for a writ of mandamus to compel the secretary and for such further relief. In other words, that there are two forms of relief in which you can request in this mandamus action. One is to compel the secretary under subsection A. And the other is to seek such further relief. And further relief has historically, and including in the OSHA Act, been understood to mean relief within the inherent power of the courts. But what are you asking for now? What exactly is the relief that your clients are seeking now? So this can be found at JA97 and also JA12. There are two forms of further relief. We're here was done with advanced notice. That's normally a crime. It was not in this circumstance, but advanced notice here allowed the workplace to change- A crime? Pardon? Did you say a crime? Yes, providing notice is- That's what I thought. Isn't there an exception to that provision? There's an exception. I'm not saying it was a crime. Here, Your Honor, I'm saying it's normally a crime to provide advanced notice. I just wanted that clear, especially in the context of COVID and the constraints that people were under. But I think it goes to why we think that the advanced notice was so significant here, Your Honor. And we also have in the record the evidence that shows that the workplace did in fact rearrange its operations because of that advanced notice. So, Your Honor, Judge Jordan, to your question, we're seeking an inspection that would show what is going on at the workplace. As we say, we've not been able to advance the record on appeal, but we have been in contact with our clients for a briefing, and we believe the workplace remains unsafe in the same ways. So OSHA should inspect it? Correct. If it's unsafe, then ask OSHA to inspect it. And if OSHA isn't willing to do that, then you should bring an action under this statute claiming that the workers at the plant are in imminent danger of life or limb, and that you want to mandamus the secretary. That's exactly what we did, Your Honor. But that investigation is long over. I mean, you would agree, would you not, the conditions on the ground in that plant today are quite different than they were at the height of the pandemic? Well, no, Your Honor, we would not agree with that. We have not been able to, as I said, advance the record on this because we're on appeal. But no, we've been in contact with the workers. We understand that distancing is still lacking. They still believe they're in danger. They still feel they're in danger. But the distancing is only relevant if they're in imminent danger of life or limb. I mean, that's a different... COVID still exists. They all might be vaccinated. They all might have a variety of immunities, et cetera. So the fact that people are near one another, it doesn't follow ipso facto that they're in imminent danger of life or limb. Well, so those are all facts we haven't been able to develop, Your Honor. I agree those facts might be relevant. None of the record here was prepared when vaccines... Why should this court have a private entity or private party supplant the federal regulatory scheme? There's an entire federal structure established by law and regulation for the federal government to do that. And it sounds like what you're saying is, well, we can't really trust the government, so let us do it. Well, in fact, Your Honor, if the court held as you would, you'd be supplanting Congress because Congress says in the statute that the courts in fact have that power. And I think you're referring to the general scheme, but the general scheme here is a carve out for this exact circumstance. This is... This exact circumstance, as I read it, is when the secretary doesn't act and the folks are in grave danger, you can run to court post haste and get a mandamus. And then a federal judge can say to the secretary, you have to go shut that place down. And what that doesn't mean, if all that's true, it sort of stands to reason that what the statute doesn't mean is that when OSHA in due course through due deliberation does an investigation and makes a finding of no harm or no serious harm, that that's the end of the matter. It's the end of the matter unless and until things change. And if things change, then the whole process can be spun up again. Well, so I have several different answers to that. One is that's reading the language further relief out of the statute or giving it the same meaning as mandamus to compel under subsection A. Because what you just described is what a mandamus to compel under subsection A would mean. Well, no, I'm not... Just to defend myself, I appreciate your argument and I don't want to read anything out of the statute. But the reason I don't think I'm reading out of the to the writ of mandamus, consistent, I think, with Judge Smith's initial question. Well, I know, Judge Hardiman, you want to ask a follow-on question. I do have other responses to this. They also go to the... Well, you're going to be on our time in a minute. But you said you're reading it out of the statute. I just want to make sure that there's one thing we do agree on, and that is you can't presently get mandamus, right, because of what Judge Hardiman has said. That's over. That piece is done. Well, I think we may agree or we may not agree, depending on what mandamus means. That covers the field. I think that if you read mandamus, what we do is we read there are two forms of relief, mandamus under subsection A and further relief, which is separate. We would agree with you that mandamus under subsection A is something that we can no longer obtain because we can't force the agency to proceed under subsection A because it's closed its investigation. Done. So your whole case is that or further relief is a freestanding thing separate and apart from the rest of this structure. It means something different and additional. And when Congress made this carve-out, this very specific carve-out, they also left this pretty big back door, which means, and if they don't do what you want, ad infinitum, there's no time limit on this. You can keep working this with your private cause of action. That's the way you read the statute, right? That is, well, I would say I think that you actually would read in a statute of limitations like we often do pulling from state law in cases like this. This is further relief is an equitable consideration. So I'm not sure it's ad infinitum, but generally, yes, I agree with you, Your Honor. That's how we read it. And I take it you don't have any case law to support this because this section has not been litigated very much at all, right? So we have no case law under this section. That's certainly right. And I know you said I was going to be under your time, Your Honor, but can I continue? You're free to answer that question. Please go ahead. So we have no case law under this section. The further relief language is very similar to other language that's been in the OSHAC that has been interpreted, Your Honor. There's language in the OSHAC called for additional relief or other relief, and that has been interpreted exactly as I'm saying. That's the dole and chow. And so what kind of work does, if any, does further do here? Because that, too, struck me that further relief is not the same as additional relief or other relief. So I agree with you there are different words. I have been thinking about this, Your Honor, and I'm not sure how I could characterize further except for as additional. So I don't really have a good answer for you, except it seems to me that it's additional relief, and it's a relief beyond the mandamus. And this goes back to Judge Hardiman's question, which I was trying to give a multi-part answer to. This is exactly what Congress wanted here. So we have a fairly extensive legislative history on this issue, and what Congress was afraid of was the agency coming off action. That's the both whirlpool cases, the Supreme Court and the Sixth Circuit. Isn't it the case that what Congress wanted was for the agency to own this and for there to be a backstop where if there was an imminent danger, you could go to court and say, make it stop now because somebody's going to die or they're going to lose a lung or something. Something horrible is going to happen right now. It's like it's an emergency switch that, you know, break glass in case of. And isn't that the character of this? Isn't it in fact supported precisely by the language in the first sentence of subsection D if the secretary arbitrarily or capriciously fails to seek relief? That's the predicate. There has to be a failure. Correct. And this backstop then provides a basis for an Article III court prompted by an employee to come in and require the secretary to do his job. I don't think we're disagreeing with you at all on that characterization. What we're saying is that. That's true. Hold on. If that's true and we're not disagreeing on that, how can it be the case that the only end point on the right that's being extended by Congress is a statute of limitations that might be read into this? That this could go on literally for years after the conclusion of the secretary's investigation. Because that Congress did not want to empower the secretary to overlook these actions. And that goes when you take an administrative appeal. Right. It's not like you're without a remedy. Right. I mean, if if you believe this investigation was shoddy, to say the least. Right. But for a variety of reasons, they gave notice. They they didn't come in and do a bona fide inspection. And then they give essentially a bill of clean health or at least a bill of no dirty health. And you think all that was wrong. Right. Correct. And then can't you appeal that? No. That's not how the OSHAC works. Nobody can appeal that. So that's unreviewable. That's correct. Okay. So so really the only remedy these folks have then would be in tort. If they are suffering false imprisonment, if there are some other sort of. Well, this actually goes to the question that Judge Jordan asked. I said there were two forms of further relief we asked for. I've never gotten to the second, which we asked for documents here about that would allow us to bring our claims. Why isn't that discovery? It would be discovery in a case, but we need to be able to plead our case. Pennsylvania allows for fraud claims against an employer. And we need to actually have particularized evidence of what the employer knows and what it could have done. OSHA has that evidence. We don't have it. And that's what we've asked for here as well. That's our second form of relief. Now, further, I've got I got a question. And I know you I know you don't want us to go there, but assume we thought that further relief meant further to mandamus, not additional and different to and on top of and a different thing so that you were in a position where the book was closed. Are we are we dealing with the circumstance where your case is moot or are we dealing with the circumstance where you're we're just making a decision on the merits and saying you no longer have a claim? So I think you if that's the analysis you take and I'm going to assume for the sake of this response, when you say further relief in addition to mandamus, you don't mean the sort I've been describing. And I think then what you have to do is you would have to interpret the statute to figure out that the case is moot because what we have here is a and this goes also to everything that's been discussed. It's not been briefed to this court, really, because what happened in the district court is that the district court added an element that no one thinks is in the statute anymore. We never got to any of these discussions. And so the court. So if I'm interpreting the statute, if we sit down together, we go, OK, we got to look at the statute and understand the statute and then say, yeah, they don't have a claim because it's shut. Are you saying that's not a mootness point at that point? It's a merits decision. It's a what you have to do is figure out whether you have jurisdiction. And so to figure out whether the case is moot, you'd have to conclude it was shut. And so you'd have to make that determination and then conclude that with the case is moot. But you can't just assume mootness is what the government asks you to do. And so what you have to do is go through the analysis. And this is Brownback and Cessna from the Eighth Circuit that these specifically allow you to preach to do the statutory on this, because if I look at Chafin, it says because that was all about mootness in the context is very sad child custody circumstance, international abduction. And the court says when Ms. Chafin, may I assume familiarity with the case there? I'm not, but I certainly get you to understand real quickly that the district court said that the husband, Mr. Chafin, wasn't entitled to hold on to custody of the child. The child went back to Scotland. And at that point, the 11th Circuit said, this is moot. You're done because we don't have any meaningful relief we can give you. The Supreme Court looks at that and says, that's not true. That confuses mootness with the merits because in order to decide this case, it says it goes to the meaning of the convention and the legal availability of a certain kind of relief. That's, there's no trick question here. I'm struggling with this. I'm going to be asking both sides about this. By the very fact that we have to look at the statute and interpret it to understand whether you have a claim, are we engaged in a merits analysis and therefore not really coming to the conclusion that it's moot? We're just saying, as if we would on a 12B6 motion, you lose. You're done. Well, so I think this is where, so this Brownback, which I am the case, I'm excited and I'm familiar with, talks about jurisdiction and merits being intertwined. And this seems to be one of those circumstances. We have presented you with an interpretation of the statute that allows us to proceed. If you agree with the government's interpretation, it sounds like you think we cannot proceed. To determine whether we have a claim that can be litigated requires you to interpret the statute. And that then would allow you to say you lack jurisdiction if you interpret in a way that we cannot proceed. But you do have to reach that merits determination. There's no problem with doing that, is what Brownback says. And again, in Cessna, what the Eighth Circuit said was it was interpreting a First Amendment challenge. It was to an issue in a jail about pornography being in. And the person in the Eighth Circuit, if you can't bring an overbreath challenge that covers your claim, you lose standing. That's the Eighth Circuit rule. Even in Brownback, at the end of the day, what the court says is the judgment bar applies. So what it's saying is it's not like a typical subject matter jurisdiction decision where you just say, yeah, we're not touching the merits. It is a merits decision. It's a merits decision that results in a lack of jurisdiction, but it's still a merits conclusion. I think that's what would be happening here. I agree with that, Your Honor. I think that's fully within your power. Because otherwise, again, otherwise you'd be guessing at the lack of jurisdiction. We have an interpretation for you that we believe is well-grounded in the law that allows us to proceed. And at the very least, I just will point out, none of this was the district court's analysis. And so at the very least, what you would need to do is vacate and say that was a wrong interpretation. Really? Or do we have an obligation to decide, for the very reasons you've just described from Brownback, whether there's any case left here at all? Well, I think the problem with doing that, Your Honor, is the facts are in the record. But what are the facts? The facts are... If we agreed with your decision, with your interpretation, then that would likely be true. But if we agree with the government's position on what the statute means, then that's not true. But if we agree with the government's position, this case is over because you don't have any relief you can get at this juncture on the earlier complaint. You may be able to do what Judge Hardman said and spin the whole process up again. But if we had thought the government was right, that would be the end of it, right? I think... I believe I'm understanding you correctly, Judge Jordan. We are in agreement about what you would do. You would look at the statute. You'd say what relief could be obtained. You would say that we haven't sought it. I do think to respond to Judge Hardman's point, we in fact did do exactly that, and we were denied again. And so, I mean, we also have a problem here of... that we haven't really talked about it. But I do think this is also a case that would fall within the capable of repetition exception for exactly all these reasons. But we need an understanding of the statute, and we're going to keep on being back in this loop. We do believe we have evidence. And so I think you need to interpret the statute. Under the discussion we just had, we would give you a decision on what the statute means. If it came out the way you didn't like, you wouldn't like it. But it's not something that would be capable of repetition, because we would have rendered a decision on the meaning of the statute. So capable of repetition, evading review just doesn't have any purchase here at all. I think it only has purchase, Your Honor, if you disagree with the fact that you could interpret the statute in the initial place, and then you would go to capable of repetition. I think I'm otherwise in full agreement with you. I just, again, will point out this is not how further relief has been interpreted elsewhere. What you'd be allowing the agency to do is have its discretionary determination cut off this form of relief. You'd basically be saying, and what happened here, Your Honors, is that the agency said there's no imminent danger, and basically said, for the reason there's no imminent danger, we're not going to seek at the site. And then you're having the agency's failure cut off the relief. We got you. We understand your position, and we'll have you back on in rebuttal. Mr. Maraskin, thank you very much. Thank you very much. And we'll hear from opposing counsel. Good morning, Your Honors. May it please the Court, my name is Amy Trion for the Secretary of Labor. I'd like to start with a quick point about the OSHA inspection that occurred and was completed. OSHA has actually inspected the Maid Rite plant twice at plaintiff's behest. The original inspection based on the original complaint, which was concluded in December 2020, and then there was a second complaint, a second inspection, and a second enforcement process that concluded with OSHA determining there were no COVID-related citable violations. Is Mr. Maraskin correct when he told me that if the employees are dissatisfied with that finding, that they have no recourse, they can't seek and file an appeal? He is, Your Honor. That's not the way that the OSHA Act is set up. The enforcement mechanism in the OSHA Act is based on OSHA going out, issuing citations to employers, and then the employer can go through the administrative appeals process, but there's a very limited role for employees. That's true. So judicial review under 660, 29 U.S.C. 660, is only for the employer, not the employees? That's right, Your Honor. Is there a problem here, just from a judicial administrative perspective, because the government took a position and pressed it in the district court and won, and has just, you know, for reasons one can only speculate about, changed its mind entirely? Well, I think that our, as Your Honor points out, we have, the Secretary has changed his position after the appeal was filed, after revisiting the statute, concluded that this requirement for an inspector's recommendation isn't the best reading of what the statute requires. But I think the six months, and I want to talk about why I think that the best reading of Section 13D is that it does provide a cause of action only for six months. And the six months passed regardless of who made what arguments, because when the, you know, looking at 13D, 13D is about, all of Section 13 is about imminent dangers, and I did want to talk a little bit about what an imminent danger is. It's defined in 13A as something that's going to harm either immediately, or it's, the definition is tied to the duration of the enforcement process. It's, an imminent danger is something that can't wait for the ordinary enforcement process, and that's, I wanted to point that out because that underlies the Secretary's reading of the statute as really providing that cause of action only for those six months. And so Mr. Maraskan indicated that one of the pieces of relief that they would claim to fall under further relief here would be to ask for another inspection. To the extent plaintiffs want a third inspection, we are outside the realm of imminent danger. It's been more than two years. The conditions have changed. Yes, COVID is still around, but the virus has, the virus itself has changed. Our knowledge about best practices regarding prevention has changed. And it's just, that takes us, our view is that takes us outside the realm of imminent danger. He argues that, if we accept your interpretation, that further relief doesn't do any work. Why is he wrong? Well, we view further relief as, it has to be something that is tied to, as soon as possible, abatement of this imminent danger. And so I think some examples of what further relief could include are a stop work order, something that would take effect even faster than an order of mandamus issuing, ordering the secretary to come to court to get the stop work order. Or in some circumstances, I think ordering an OSHA to conduct an inspection would be appropriate for the relief. You know, if there was a situation where an employee came in and said that there's an imminent danger and the secretary said, I don't care, I'm not even going to go and look at it, then I think that that would be an appropriate relief there. But something that, like what plaintiffs are asking for, for OSHA to hand over its lawsuit. In our view, that is simply way too remote from the purpose of Section 13, not to mention the overall enforcement scheme of the act, which does vest ultimate discretion in the secretary to decide whether or not to issue a citation and provides a six-month limit for doing so. So if it's perfectly clear that they've got no claim here because we're outside the six-month window, then are you asking for an advisory opinion from the court on the meaning of the statute? Well... You want us to talk about what the statute means in the absence of any conceivably viable claim. Well, first of all, we're not saying that this court lacks jurisdiction, that the case is moot in that sense. And I agree with... You did say it's moot. Well... So when you say, I didn't mean it was moot in that sense. Like, I'm not sure how many senses of moot there are. You've said you've got no jurisdiction here, but go ahead and interpret the statute, and I'm a little puzzled by that. To be frank, the conversation that Your Honors had with Mr. Moraskian about merits and mootness and jurisdiction is one that I have struggled with a fair bit myself. I think that the issue was teed up as mootness. There was a suggestion of mootness filed before the district court, and that came up in the briefs. But the case is not... So the sort of traditional, or perhaps correct, characterization of mootness is something that an event occurred, events transpired during the... pending the appeal that makes the issue no longer live. And that isn't what happened here. The case is moot in the sense that there is no more remedy available. I think another way to look at it is the district court lacks jurisdiction under Section 13. In our view, in the Secretary's view, the district court lacks any jurisdiction to hear any plaintiff's claims related to this imminent danger for more than two... alleged imminent danger for more than two years ago because so much time has... because more than six months have passed. So is Mr. Moraskian then correct when he says this is just like Brownback? You have to interpret the statute. You can't escape interpreting the statute. And if you come to the over, and I guess you could call it moot in that sense, in that sense, but isn't that really just the way of saying you lose? You don't... Like you've failed to state a claim. That's a merits decision. Yes, Your Honor. We agree with that. If the court agrees with our interpretation that 13D provides a cause of action only up to six months, then the case is over. If the court agrees with plaintiffs that further relief can mean all sorts of things from, with no time limit on it, then the case is not moot. What does that mean? Play that out. What if this had been an expedited appeal, and we were sitting here hearing argument in month three, and the Secretary had not completed a final report or... Inspection. Yeah, final inspection. Let's say that they brought it to the Secretary's attention, the Secretary called the company, the inspector showed up, the inspector didn't really see a big problem, and then there's an expedited appeal, and here we are sitting here, and there's still a few months to go on the final inspection and report. Do we adjudicate the merits of what the district court said? I mean, do we second guess the this isn't worthy of mandamus? Well, I think if the district court held a hearing right after the complaint was filed, if there had been no jurisdictional issues raised at that point, the district court issued a merits decision saying the Secretary was not arbitrary and capricious here, and that was within the six months, and that was up on appeal, then yes, it would be for this court to review, and I haven't thought through what the standard of review would be, but it would be for this court to review the district court's determination that the Secretary was not arbitrary and capricious. And that's apparently never happened. Correct. That has never happened. And is the reason it never happened? Because one of the things that's a little odd is initially the government in the district court argued that employees could only obtain relief under 662D if the inspector concluded there was an imminent danger, and then the Secretary didn't act on that conclusion, and the district court agreed with that, and now you're disavowing that. So what's going on there? That's right, Your Honor. As I mentioned, the Secretary, once this case was appealed, took another look at the language of the statute, considered it in light of the OSHAC's broad purpose of protecting workers, and what the statute says, or 13D says, is if the Secretary acts arbitrary and capriciously. And in our view, that extends to if there... Every downline of the Secretary. Exactly. So if there were an OSHA inspector who arbitrarily and capriciously refused to recommend a... So that's the reason for the change. Now, I certainly agree that that is a complicating factor, and that another complicating factor is the fact that the district court took eight months to decide. Presumably, that was because the court had determined that it was going to rule the way it did, but it was sort of essentially similar to a pocket veto in saying, you know, not finding that there was an arbitrary and capricious action. But regardless, in our view, the cause of action ends at six months, and six months is over. And for the practical reasons that I mentioned regarding what an imminent danger is, if there's a new imminent danger, plaintiffs can file another complaint. So your position is that to the extent the statute provides for a private attorney general, the private attorney general only has a claim, only has standing when it's an imminent danger. If it's general workplace conditions, the OSHA Act requires it to be the sole province of the government to regulate the working conditions. That's right, Your Honor. Is that it? Is that straightforward in your view? The OSHA Act itself says that the Supreme Court, the case is Cuyahoga Valley Railway, has also stated that the decision, the enforcement decisions under the OSHA Act are the sole... And if somebody is working in a sweatshop in terrible conditions, they have no recourse at all except state tort actions. Well, their recourse is to call OSHA and request an inspection. Yeah, but, you know, the government doesn't always do what it's supposed to do. So, and let's assume for a minute that the government is, you know, understand, not always for bad reasons. I mean, maybe, you know, you don't have the staff. So if the government doesn't respond to that, you know, 911, hey, get someone out here, this is untenable. The folks are stuck with state tort, is that? I can, I'm afraid so. And I can vouch, Your Honor, that OSHA is understaffed. But, you know, the secretary within his, you know, bailiwick as head of the department is organizing enforcement priorities to the best of his discretion. And, you know, and... Which certainly would play into any arbitrary and capricious calculation if you got to court, where the secretary is making determinations as to how to deploy, especially in the course of a pandemic, the resources that are at hand. It would, Your Honor. And I certainly, we can conceive of an extreme situation in which some, you know, whether or not the secretary himself, but an OSHA inspector or mid-level supervisor, or somebody said, you know, I don't care about that horribly dangerous trench. I disregard it. I, you know, you can conceive of that. But I think typically what happens if an OSHA inspector encounters a very dangerous situation like a trench is they say, everyone out of the trench and... Stop work. Stop work. And, you know, that is part of the reason that in the more than 50 years that the that's ever been brought. And for that matter, it's pretty rare that the secretary even goes to court under 13 A and B for the reason I just mentioned. One would hope that you don't have to go to court. One would hope that when when the inspector tells the boss, you know, you've got a very serious problem here. You need to stop what you're doing. One would hope the boss would take... Is that in effect what typically happens? I don't know what your level of experience is with these matters. I mean, I've never been on an OSHA inspection, but I think it often does. When it's something like the example I gave of what I can think of as the most egregious imminent danger I could think of is an unguarded trench in unstable soil. It's filling up with water. There's workers inside. And this does happen. And if an OSHA inspector gets a call or is driving by, they will say, shut this down. This is extremely dangerous. And the work, you know, the employer will stop it. Now, there are some things and this is sort of getting into enforcement policy. There are situations where OSHA might want to take a policy position that such and such is an imminent danger. The employer, something arguably less extreme than that. It's fine about the quality of the fall protection or something like that. Exactly, Your Honor. You hit on the example that I had in my head and didn't want to say, but yes, that is yes. And then and then would I make the decision and sort of a policy level, or are we going to go to court and pursue this and get some case law on whether this kind of thing is an imminent danger? But for imminent imminent. So for the position you're taking, what you want this court to say is, further relief has to mean further relief for a danger that is so imminent, you can't even wait for mandamus. Or do you want it limited even like this? Do you want us to just say, well, it just can't mean what they mean? I mean, it sounded like in your argument, you were saying further relief's got to be something that is akin to mandamus, but you can't even wait for that. You got to go to the court right now and say, make them stop instantly. What construction are you asking us to put on the words further relief? I would say it doesn't necessarily need to precede the mandamus order, although the example that I gave about a stop work order would be that. But I think it would depend on the facts. But I think the construction I would put on it is tied to the imminent danger, tied to abatement of the imminent danger, but tied to the goal of Section 13 of abating the imminent danger as quickly as possible, whether that be ordering an inspection, a stop work order, but the examples that plaintiffs have given fall way outside those parameters. They could make the pitch, I suppose, that they're all talking about abating imminent danger, too, by uncovering unsafe practices and bringing them to light and making it work. But I think I understand you'd be saying, no, no, it's got to be abating it in a way that's instantaneous. Pretty much. Because I think that the example Your Honor just gave about a sort of long-term strategy of changing the way that OSHA does things is, when you get to that point, you are infringing on the Secretary's discretion. Gotcha. Thank you very much. Thank you very much. Appreciate it. Mr. Muraskin, we hear your rebuttal, sir. Thank you, Your Honor. I think I have three points, two of which tie the problems with interpretation they're offering you. If imminent danger means what they say and if the imminent danger has to be present the entire time, the statute's useless. It has no meaning whatsoever. By the time the trench has collapsed, you've kind of got your way into court. You have to file a complaint. You have to get a hearing. You have to ask for relief before a judge. And their point is, further relief means anything that yet goes further than mandamus, meaning that that issue's passed. It has no action. You can't bring this sort of case with a building about to collapse or a trench about to fill up. It just isn't practical, among other things. Why isn't that? Why isn't it possible to see one of those crazy pictures that will show up on the internet with a building leaning way over and just some sticks or poles holding the thing up and for somebody to say, look, that's really dangerous. We've got to go take care of this right now. And it's possible it's going to collapse, but if you've got to go to court and get a stop order, you'd get a stop order. You'd get something to happen. I'm not sure I follow the argument that it's all meaningless because things can go very well. It's even more potent than getting rid of mandamus requiring the secretary to seek an order. Well, except again, Your Honor, their example, to use their example, Your Honor, about the trench filling up, the imminent danger only exists while it's raining. Once it's gotten dry, in OSHA's view, the imminent danger disappears, and this is in the record. That's not true. I mean, that is true, Your Honor. No, people could be building a skyscraper and there could be, you know, hurricane winds predicted for the next week. And, you know, if you're a worker on that project and you're afraid that the building's going to fall over and you're lucky enough to have a friend or relative or someone who's a lawyer, you'd say, you know, I called OSHA. They're not doing anything. I'm going to get fired. I can't lose my job. Well, you run into court and tell the judge, you know, and you send your friend a photo of the building. I mean, it's... Okay, but in that circumstance... There are myriad... My point is there are myriad factual circumstances one could conceive of where the interest of the employee is not being adequately represented by the government. And what this seems to say, indeed, is that if the government isn't doing its job, the employees can take action to protect themselves. And now you need a lawyer. Yes, they can't just, you know, wave a flag, but they have rights independent of the government doing the right thing. Well, except even in your circumstance, Your Honor, we wouldn't be able to appeal that, right? The hurricane comes by the time we filed our briefs, right? The hurricane... No, no, no. You run into your local court with the video of the building blowing. And then three hours later, the emergency motions judge gives you an order under D's saying, I order this construction company to stop work on this project, right? Isn't that what this contemplates? Well, I don't think so because it talks in the initial, in the first instance, about seeking mandamus, which is a longer process. It talks about OSHA failing to act, seeking mandamus to compel OSHA to seek relief under A. So, in fact, it's a multi-step process. You go into court, you say, I have an imminent danger, I need OSHA to act, order OSHA to act under A. It's not order OSHA... So you had three points. I'll let you make your last two. Great. Thank you, Your Honor. One is about the six-month issue. So the six-month issue, there's two problems with it. One is that it allows the agency's own determination to cut off relief for a worker, which is exactly the problem that statute exists to correct. The other is even OSHA's interpretation isn't textually right. Under subsection B, you can force OSHA to act under subsection A, pending the outcome in an enforcement proceeding. So if OSHA decides to act, but decides not to do anything about the imminent danger issues of citation, under their reading, subsection D can go on indefinitely during the citation process. My point of this is that it just doesn't work textually. Three is discretion. I just want to go back and say, under their case law, Cuyahoga, which cites mobile oil, OSHA's discretion is limited very specifically in this circumstance. Its broader discretion is not a reason to narrow subsection D.